**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4757**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

ALEJANDRO SANDOVAL,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  David C. Norton, District Judge.
(2:11-cr-02037-DCN-20)

_____

Submitted:  May 30, 2014           Decided:  June 10, 2014

_____

Before WYNN and FLOYD, Circuit Judges, and DAVIS, Senior Circuit
Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Leslie T. Sarji, SARJI LAW FIRM, LLC, Charleston, South
Carolina, for Appellant.  Robert Nicholas Bianchi, OFFICE OF THE
UNITED STATES ATTORNEY, Charleston, South Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alejandro Sandoval appeals his conviction and the 135-month sentence imposed following his guilty plea to possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2012). Sandoval's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), concluding that there are no meritorious issues for appeal but questioning whether the district court (1) erroneously withheld a one-level reduction for acceptance of responsibility, and (2) failed to adequately explain its sentence. Sandoval has filed a pro se supplemental brief arguing that the district court improperly calculated the drug weight attributable to him and that his counsel was ineffective. The Government has declined to file a response brief. Following a careful review of the record, we affirm.

I.

We review criminal sentences for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). In so doing, we "must first ensure that the district court committed no significant procedural error," such as improperly calculating the advisory Sentencing Guidelines range, failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence.

2

Id. If a sentence is procedurally reasonable, we then examine its substantive reasonableness, taking into account the totality of the circumstances. United States v. Mendoza–Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). If the sentence is within the Guidelines range, we presume on appeal that the sentence is substantively reasonable. United States v. Strieper, 666 F.3d 288, 295 (4th Cir. 2012).

## A.

First, counsel questions the district court's decision to withhold the additional one-level reduction for acceptance of responsibility under U.S. Sentencing Guidelines Manual ("USSG") § 3E1.1(b). We review this decision for clear error. United States v. Dugger, 485 F.3d 236, 239 (4th Cir. 2007). To merit this reduction, the defendant must establish by a preponderance of the evidence "that he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct." United States v. McKenzie-Gude, 671 F.3d 452, 463 (4th Cir. 2011) (internal quotation marks omitted). A defendant who falsely denies relevant conduct acts in a manner inconsistent with acceptance of responsibility. USSG § 3E1.1, cmt. n.1. Because the sentencing court is in the best position to evaluate a defendant's acceptance of responsibility, we afford great deference to the district court's determination. Dugger, 485 F.3d at 239.

Although Sandoval pleaded guilty, the district court determined that his testimony during sentencing that he was accountable for only one kilogram of cocaine amounted to at least falsely denying relevant conduct. Given our deference to the district court's determination, we cannot conclude that it clearly erred in denying the additional reduction.

B.

Counsel next questions whether the district court adequately explained its rationale for the chosen sentence. In sentencing, the district court must consider the statutory factors and "make an individualized assessment based on the facts presented." Gall, 552 U.S. at 50. While the "individualized assessment need not be elaborate or lengthy, . . . it must provide a rationale tailored to the particular case at hand and adequate to permit meaningful appellate review." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). The district court here explained its consideration of each sentencing factor in determining Sandoval's sentence. The court balanced the serious nature of the offense and Sandoval's continued disrespect for the law with his need for education and training and the nature of his prior criminal convictions. The court considered Sandoval's motion for a downward variance, and, while it denied the motion, it noted that the nature of his criminal history warranted a sentence at the low end of the

4

Guidelines.  We thus conclude that Sandoval's sentence is both procedurally and substantively reasonable.

## II.

Finally, Sandoval argues that his counsel was ineffective.  To prove a claim of ineffective assistance of counsel, a defendant must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense."  Strickland v. Washington, 466 U.S. 668, 687 (1984).  We may address a claim of ineffective assistance on direct appeal only if the lawyer's ineffectiveness conclusively appears on the record.  United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006).  We have thoroughly reviewed the record and conclude that Sandoval has failed to demonstrate that ineffective assistance of counsel conclusively appears on the record.  We therefore decline to address this argument on direct appeal, without prejudice to Sandoval's right to raise this issue in a 28 U.S.C. § 2255 motion.  We have examined Sandoval's other pro se issue and conclude that it lacks merit.

## III.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Sandoval's conviction and sentence.  This court requires that counsel inform Sandoval, in writing, of the

right to petition the Supreme Court of the United States for further review. If Sandoval requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Sandoval.

We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

AFFIRMED